IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-235-D
No. 5:11-CV-508-D

| | |
|---|---|
| DEVARES ANTRON VICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On April 14, 2011, Devares Antron Vick ("Vick") filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c) [D.E. 51]. On September 26, 2011, Vick filed a motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 52]. Vick relies, in part, on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). On December 23, 2011, counsel for Vick filed a memorandum in support of the section 2255 motion [D.E. 56]. On January 12, 2012, the government moved to dismiss the section 2255 motion [D.E. 57]. On January 27, 2012 and October 17, 2012, counsel for Vick filed responses to the government's motion [D.E. 58, 59]. On May 2, 2013, Vick filed a pro se amendment to his section 3582 motion [D.E. 64]. As explained below, the court grants the government's motion to dismiss, dismisses Vick's section 2255 motion, and denies Vick's section 3582 motion.

On September 14, 2006, a federal grand jury in the Eastern District of North Carolina indicted Vick and charged him with conspiracy to distribute and possess with the intent to distribute more than 5 grams of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a), 846, and possession with the intent to distribute more than 5 grams of cocaine base (crack),

in violation of 21 U.S.C. § 841(a)(1) [D.E. 1]. On January 28, 2008, pursuant to a plea agreement [D.E. 26], Vick pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 5 grams of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 [D.E. 25–26].

On April 22, 2008, the court held a sentencing hearing and calculated Vick's advisory guideline range to be 188 to 235 months. See Sentencing Tr. [D.E. 39] 8. The court granted the government's motion under U.S.S.G. § 5K1.1 and sentenced Vick to 180 months' imprisonment [D.E. 29, 31]. See Sentencing Tr. 13–15, 20–27.

On April 22, 2008, Vick's judgment was entered [D.E. 31]. On April 30, 2008, Vick filed his notice of appeal [D.E. 30]. On September 25, 2008, the United States Court of Appeals for the Fourth Circuit dismissed the appeal based on Vick's voluntary motion. See [D.E. 41]; see also United States v. Vick, No. 08-4477, [D.E. 25] (4th Cir. Sept. 25, 2008). The Fourth Circuit's mandate issued on the same date [D.E. 42]. Vick did not seek a writ of certiorari. His conviction became final on December 24, 2008. See S. Ct. R. 13; Clay v. United States, 537 U.S. 522, 527–28, 532 (2003).[1]

Vick's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1) (noting one-year statute of limitations which runs from "the date on which the judgment of conviction becomes final"). Likewise, the motion is untimely under 28 U.S.C. § 2255(f)(3). See United States v. Powell, 691 F.3d 554, 556–60 (4th Cir. 2012). Furthermore, the motion is untimely under 28 U.S.C. § 2255(f)(4). See United States v. MacDonald, 641 F.3d 596, 610 n.7 (4th Cir. 2011); Lo v. Endicott,

---

[1]On March 17, 2010, the court granted the government's motion under Rule 35(b)(1) of the Federal Rules of Criminal Procedure and reduced Vick's sentence to 144 months [D.E. 49]. That order has no impact on the court's analysis.

2

506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097–98 (8th Cir. 2006); see also Walker v. Martin, 131 S. Ct. 1120, 1129 (2011); Johnson v. United States, 544 U.S. 295, 308–09 (2005); Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005). In addition, Vick's reliance on Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011), is misplaced. See Holt v. United States, Nos. 5:11-CR-2-D, 5:12-CV-75-D, 2013 WL 142988, at *2 (E.D.N.C. Jan. 11, 2013) (unpublished).

Nothing in the record suggests that equitable tolling should apply. Cf. Holland v. Florida, 130 S. Ct. 2549, 2562–64 (2010); Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). Moreover, even though Vick now argues that this court erred under Simmons in finding that he was a career offender (PSR ¶ 49), the alleged error in calculating Vick's advisory guideline range is not prejudicial or a miscarriage of justice. Simply put, the alleged error cannot surmount section 2255's procedural bar where (as here) Vick received a sentence less than the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Accordingly, the court dismisses Vick's untimely section 2255 motion.

Alternatively, the government asks the court to enforce the appellate waiver in Vick's plea agreement and dismiss his section 2255 motion. See [D.E. 57] 8. In his plea agreement, Vick agreed:

> [t]o waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory guideline range, reserving only the right to appeal from a sentence in excess of the advisory guideline range that is established at sentencing, and further to waive rights to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon

3

grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[D.E. 26] ¶ 2(c).

Before considering the effect of Vick's appellate waiver, the court first ensures that the waiver was valid. To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Here, the record of Vick's Rule 11 colloquy reflects that Vick had discussed the entire agreement with his attorney, that Vick understood each term in the agreement, and that he knowingly and intelligently entered into the agreement. See Arraignment Tr. [D.E. 38] 20–30. The court specifically read aloud the entire appellate waiver and confirmed that Vick understood the appellate and other rights he was waiving. Id. 24–27. The court may rely on Vick's sworn statements made during the Rule 11 colloquy to conclude that Vick made the waiver knowingly and voluntarily. United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Thus, Vick's waiver was valid.

As for the scope of the waiver, Vick waived his right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range." [D.E. 26] ¶ 2(c). Vick only reserved his "right to appeal from a sentence in excess of the advisory guideline range that is established at sentencing." Id. The appellate waiver applied to direct appeals of his sentence and to post-conviction proceedings pursuant to section 2255. Id.; see Lemaster, 403 F.3d at 220.

4

Vick received a sentence of 180 months' imprisonment, which was below the advisory guideline range calculated at sentencing. In his section 2255 motion, Vick argues that under Simmons he is no longer a career offender and should be resentenced. See [D.E. 52] 4; [D.E. 56] 4.

With respect to Simmons, Vick's section 2255 motion attacks the establishment of the advisory guideline range and therefore falls within the appellate waiver in his plea agreement. See, e.g., [D.E. 26] ¶ 2(c); Thornsbury, 670 F.3d at 538–40; United States v. Cohen, 459 F.3d 490, 495–96 (4th Cir. 2006); Blick, 408 F.3d at 172–73. Vick "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law." Copeland, 707 F.3d at 529. Thus, the court enforces the appellate waiver and dismisses Vick's section 2255 motion.

Alternatively, as mentioned, Vick's citation to Simmons and claim of error in calculating his advisory guideline range does not constitute prejudice or a miscarriage of justice sufficient to surmount the procedural bar of section 2255. The sentence imposed does not exceed the statutory maximum. See, e.g., 28 U.S.C. § 2255(a); Pregent, 190 F.3d at 283–84; Mikalajunas, 186 F.3d at 496.

As for Vick's request in his section 3582 motion to be resentenced under the Fair Sentencing Act ("FSA"), Vick will not be resentenced; therefore, the request is moot. Moreover, Vick was sentenced before August 3, 2010, which is the FSA's effective date. Accordingly, he cannot obtain the benefit of the FSA. See, e.g., United States v. Allen, No. 12-4168, 2013 WL 1777564, at *7–8 (4th Cir. Apr. 26, 2013); United States v. Bullard, 645 F.3d 237, 248 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011).

Vick's section 3582 motion also seeks relief under Amendment 750 to the Sentencing Guidelines. See [D.E. 64] 1–2. The United States Sentencing Commission promulgated

5

Amendment 750 to implement the FSA. See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 750 (Nov. 2011) (effective Nov. 1, 2011). The three-part amendment (A, B, & C) repromulgated as permanent the temporary emergency amendment in Amendment 748. See id. On June 30, 2011, the Commission promulgated Amendment 759, which added Parts A and C of Amendment 750 as amendments listed in U.S.S.G. § 1B1.10 (Reduction in Term of Imprisonment as a Result of an Amended Guideline Range) (Policy Statement). See United States Sentencing Commission, Guidelines Manual, App. C, Amend. 759 (Nov. 2011) (effective Nov. 1, 2011). When applicable, Parts A and C of Amendment 750 apply retroactively. See id. Part A contained the changes to the crack cocaine quantity levels in the Drug Quantity Table in U.S.S.G. § 2D1.1. See Amend. 750. Part C deleted the cross reference in U.S.S.G. § 2D2.1 to the Drug Quantity Table to reflect the elimination of the statutory minimum for simple possession of crack cocaine. See id. The Commission made Amendments 750 and 759 effective on November 1, 2011.

Vick's request for relief under Amendment 750 fails. Vick's drug weight did not determine his advisory guideline range. Rather, his status as a career offender did. See PSR ¶ 49. As such, he is not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2). Thus, he gets no relief under Amendments 750 and 759. See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010); United States v. Rogers, No. 12-4053, 2013 WL 518609, at *2 (3d Cir. Feb. 13, 2013) (per curiam) (unpublished); United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (per curiam); United States v. Quarles, 889 F. Supp. 2d 783, 787–88 (E.D. Va. 2012); see also United States v. Mateo, 560 F.3d 152, 154–55 (3d Cir. 2009); United States v. Anderson, 591 F.3d 789, 791 (5th Cir. 2009) (per curiam); United States v. Broadwater, 613 F. Supp. 2d 740, 742–45 (E.D.N.C. 2009).

6

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Vick's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court GRANTS the government's motion to dismiss [D.E. 57], DISMISSES Vick's motion to vacate, set aside, or correct his sentence [D.E. 52], and DENIES Vick's pro se motion to reduce his sentence under 18 U.S.C. § 3582 [D.E. 51, 64]. The court also DENIES Vick's pro se motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b) [D.E. 50]. See United States v. Mobley, 473 F. App'x 325, 326 (4th Cir. 2012) (per curiam) (unpublished). The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 5 day of June 2013.

JAMES C. DEVER III
Chief United States District Judge